VAN RAALTE v. ENTERPRISE TRANSP. CO.

(Circuit Court of Appeals, First Circuit. April 28, 1909.)

No. 811.

1. INSOLVENCY (§ 122*)—UNSECURED CREDITORS—PRIORITY.

In order to justify interference of equity to enforce the claim of one creditor against others, and give it priority in an insolvency proceeding, it must appear, through the intrinsic nature of his claim, that he has an equity superior to that of creditors over whom he claims a preference.

[Ed. Note.—For other cases, see Insolvency, Dec. Dig. § 122.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. INSOLVENCY (§ 118*)—PREFERRED CLAIMS—LABORERS.

> Petitioner, an independent ticket broker, contracted with defendant and with other companies to sell their transportation. His agreement with defendant provided that he should sell tickets for passage on all its lines from New England to New York, and receive as his compensation 10 per cent. in tickets on the amount of business done by him. *Held* that, on defendant's insolvency, plaintiff was not entitled to priority over other unsecured creditors, under the rule creating a superior equity in behalf of laborers.

> [Ed. Note.—For other cases, see Insolvency, Dec. Dig. § 118.*]

Appeal from the Circuit Court of the United States for the District of Massachusetts.

Lee M. Friedman (Morse & Friedman, on the brief), for appellant. Samuel Williston, for appellee.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge. The question to be considered arises under an intervening creditor petition, filed in a proceeding in equity, in which a receiver was appointed on grounds of insolvency and in accordance with the general course of equity.

The petitioning creditor claims priority over the general creditors under circumstances which relieve the situation from all considerations of bankruptcy or other statutory liens or priorities, except so far as they may have a bearing by way of analogy. We must view the case, therefore, as one involving the single question whether this particular creditor is entitled to priority under the general doctrines of equity.

The general rule is that unsecured creditors stand alike and should have equal equity, and it follows that, in order to justify the interference of a court of equity, to enforce the claim of one creditor against others and give it priority, it must be made to appear, through the intrinsic nature of his claim, that he has an equity superior to that of the creditors over whom he claims a preference.

Under this general rule, we perceive no reason whatever for giving the creditor in question priority over the other unsecured creditors. The creditor's case has been argued with ingenuity and ability, but when it is relieved from ingenious argument, based upon somewhat remote analogies, it is difficult to see how a creditor could have a much weaker case in the direction of priority.

The relationship between the petitioner and the transportation company was created and defined by special contract in writing, and the scope and nature of the contemplated business transactions were such as to wholly exclude the idea of the peculiar merit of that particular kind of relationship, which is commonly understood to be requisite when the relationship between employer and employé is accepted as something creating a superior equity in behalf of laborers, which justifies, under cautious limitations and in special circumstances, the interposition of courts of equity to establish priorities and preferences among unsecured creditors.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Under the contract, the petitioner, who was an independent ticket broker, maintaining an independent ticket office in the city of Boston (with a supply of clerks, as suggested in argument), and who sold tickets for other companies, was, as ticket agent for the transportation company in question, to sell tickets for passage on all its lines from New England to New York, and was to receive as compensation ten per cent. in tickets on the amount of business transacted by him. While there may be some ground for technical reasoning otherwise, the substance of the requirements of the obligations of the contract was that the transportation company should furnish the petitioner with tickets, and that the petitioner should sell them, and as a commission, or as compensation, that he should realize for himself 10 per cent. of the proceeds of such sales as he might make.

The matter of marking the tickets was a thing incidental to the leading feature of the contractual relations, and was quite likely designed to aid in the accounting; but it in no substantial sense changed the contemplated relationship of the parties. While it is not necessary to a decision of the question, it would be reasonable to say that the petitioner became jointly interested with the transportation company in respect to the furtherance of its enterprise through the sale of tickets.

If we were to apply the general rule laid down by Judge Putnam in Dickinson v. Saunders, 129 Fed. 16, 19, 63 C. C. A. 666, the result would be unfavorable to the petitioner, because he was not one who furnished labor with no intention of giving credit, but with the anticipation of immediately being paid from day to day out of the accruing earnings of the property, and because, on the contrary, he was one of those who did give credit under the terms of the contract, and did rely for compensation upon the sale of tickets, and upon making himself whole through the avails of 10 per cent. of such tickets as he might sell.

On the whole, we are not persuaded that equity requires that a preference should be accorded to the petitioner, and, as we decide that the intrinsic nature of the petitioner's claim is not such as to entitle it to priority, we need not consider the question whether the doctrine of equitable preference or priority among unsecured creditors may be extended to steamboat companies; and, as the assignment of errors raises the single question of the right of priority, we need not deal with any question as to the general creditor status of the petitioner under the contract.

The decree of the Circuit Court is affirmed, with costs.